# Troy Grocery Company *v.* Potter & Wrightington.

### *Action of Assumpsit.*

1. *Action for price of goods sold; sufficiency of plea.*—In an action for the purchase price of fish sold by plaintiffs to the defendants, who were wholesale merchants, a plea which avers that the traveling salesman of the plaintiff represented that the fish were to be packed in kits containing ten pounds of fish each, but that the fish when received by the defendants were

[Troy Grocery Company v. Potter & Wrightington.]

in kits containing six and eight pounds each, but which fails to show that the defendants sustained any damage from these facts, is insufficient as a defense and subject to demurrer.

2. *Same; same.*—In such a case, a plea which avers that the traveling salesman of the plaintiffs warranted that the fish purchased by the defendants would keep sound for twelve months, but there is no averment to show that such traveling salesman had authority to bind the plaintiffs by such warranty in their behalf, is faulty and subject to demurrer.

3. *Same; same.*—A sale does not necessarily imply a warranty as to condition; and in an action to recover the purchase price of fish sold to a wholesale dealer, the mere averment in a plea that there was a warranty on the part of the plaintiffs that the fish would be packed in such a manner as to keep several months, while, as a matter of fact, they were not so packed, is but the averment of a conclusion of law; and in the absence of averments of facts which show that there was a warranty, such plea is defective and subject to demurrer.

4. *Pleading and practice; when plea erroneously stricken.*—A plea which is not frivolous and which, while setting up a defense similar to another plea to which a demurrer has been sustained, but is so framed as to be of a different character to said other plea, should not, upon motion of the plaintiff, be stricken from the file, upon the ground that it was substantially the same as the plea to which the demurrer had been sustained; and if such plea should be defective, the defects should be pointed out by the demurrer.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the appellees, Potter & Wrightington, a partnership, composed of Henry S. Potter and Charles W. Wrightington, against the appellant, the Troy Grocery Company, a partnership, and sought to recover a certain designated sum alleged to be due the plaintiffs from the defendants by account, for merchandise, goods and chattels sold by the plaintiffs to defendants. The defendants pleaded the general issue and special pleas numbered 4, 5 and 6.

In plea No. 4 it was averred that the suit was founded upon a verbal contract for the purchase of a lot of fish by the defendants from the plaintiff through the latter's

agent and traveling salesman, one James Faussett; that as such salesman the said Faussett represented to the defendants that the 175 kits of fish proposed to be purchased by them would contain about ten pounds each of fish; that relying upon said representation as to the weights of such kits of fish, the defendant gave to said Faussett, as the agent of said plaintiffs, an order for 175 kits of fish; that instead of shipping kits that contained about ten pounds of fish each, the plaintiffs shipped to defendants 100 kits containing six pounds of fish each and seventy-five kits containing eight pounds of fish each; that as soon as the defendants discovered this difference, they reported the shortage to the plaintiffs and offered to pay them for the fish less the shortage; that some of the kits of fish had been sold by the defendants and others had been broken and consumed by the defendants before they discovered the difference in the kits received and those ordered; that thereupon the defendants offered to pay the plaintiffs for the kits that had been sold, broken, consumed or shipped, and to return the balance to the plaintiffs which was declined by the plaintiffs, that thereupon, the plaintiffs refusing to accept this proposition, the defendants paid the plaintiffs for such as had been sold, broken or used, and notified the plaintiff that the balance were in their possession subject to their order, and offered to return the same.

The 5th plea, after reciting that the suit was for the fish mentioned in the 4th plea, then alleged, that in making the sale to the defendants, the said James Faussett, as agent and salesman for the plaintiffs, and as an inducement to secure the order from the defendants, warranted said fish to keep good and sound from the time of their packing, and that they would be packed immediately upon receipt of said order by plaintiffs; that defendants relied upon said warranty and gave the plaintiffs the order through said Faussett; that by reason of being carelessly or defectively packed, or for other causes unknown to defendants, said fish became damaged and spoiled within about three months after they were so packed and shipped to the defendants, and were

entirely worthless and valueless, and this, notwithstanding the defendants gave them all necessary and proper care and attention; that the defendants have paid the plaintiffs for all of said fish that were not worthless, and that the remainder of said fish were not merchantable, and were of no value whatever, even before the expiration of the twelve months they were warranted to keep, and that by reason of the breach of said warranty defendants owe the plaintiffs nothing.

In the 6th plea, the defendants averred that at the time of the purchase of said fish by them, the plaintiffs were packers and wholesale dealers in fish, and in the sale of said fish to the defendants, they impliedly warranted them to be properly packed so that they would keep in a safe and sound condition for a reasonable length of time, which reasonable length of time, when fish are properly packed, is from 12 to 18 months; that defendants bought said fish for resale and not for mere use, which fact was known to plaintiffs; that said fish were not properly packed, but on the contrary were so carelessly, recklessly or defectively packed by plaintiffs that they became damaged, spoiled and rotten within three months after they were packed, and thereby became entirely worthless and of no value; that the plaintiffs packed said fish to fill their order and for the purpose of being resold by the defendants; that the fish did not become spoiled or damaged on account of any negligent or fault on the part of the defendants; that when properly packed and cared for, fish will keep sound and in a merchantable condition for from 12 to 18 months; that therefore plaintiffs impliedly warranted said fish to keep sound and in a merchantable condition for such length of time, and that notwithstanding such implied warranty, within about three months after they were shipped to the defendants, the said fish became so spoiled and damaged as to be entirely worthless and of no value whatever; that the defendants have paid plaintiffs for all fish that were merchantable and of any value, and that by reason of the breach of the implied warranty, herein set out, they owe the plaintiff nothing.

To these special pleas the plaintiffs demurred as follows:

To the 4th plea the plaintiff demurred upon the following grounds: 1. That said plea does not show loss or damage to defendants by reason of said shortage. 2. The plea does not show that plaintiffs failed to fill the order as sent in by defendants. 3. That said plea shows that the representations that the kits would contain about ten pounds of fish is the mere expression of opinion. 4. Said plea shows that the defendants accepted said fish by exercising acts of ownership over them and estopped themselves from rescinding said contract of purchase. 5. Said plea fails to show when defendants offered to pay plaintiffs for the packages broken, sold or consumed, and when they offered to return the remainder, and when they notified plaintiffs that they were here subject to the order of plaintiffs, and as the property of plaintiffs. 6. Said plea attempts to set up a recission on account of the shortage and shows that defendant failed to offer to return the whole of said fish within a reasonable time after the discovery of said shortage.

To the 5th plea the plaintiff demurred upon the following grounds: 1. Because it is not shown that the party who sold the fish to defendants had authority to make the warranty complained of. 2. The plea does not show that at the time of making the representation that the fish would keep twelve months the salesman knew that the representation was false and uttered the same for the purpose of defrauding the defendants. 3. That so much of said plea which says that said fish were so carelessly and defectively packed or for other cause unknown to the defendant, they became damaged, spoiled and rotten within about three months. is the mere expression of the opinion of the pleader. 4. Said plea purports to set up a rescission of said contract of purchase and shows that defendants failed to offer to return the whole of said fish. 5. Said plea fails to show that the defendants discovered that said fish were carelessly and defectively packed, and that he offered to return the same within a reasonable time. 6. Said plea

shows that defendants used, consumed or otherwise dis
posed of a portion of said fish, without offering to re-
scind, and are estopped to set up a rescission of said
contract of purchase.

To the 6th plea plaintiffs demurred upon the follow-
ing grounds: 1. The plea shows that defendants pur-
chased from plaintiffs as wholesale dealers said fish for
resale, and shows that defendants were middlemen and
there was no implied warranty that said fish would be
properly packed and that they would keep in safe and
sound condition for reasonable length of time. 2.
That the allegation that such reasonable time was from
twelve to eighteen months was the mere expression
of opinion. 3. Said plea shows that defendant bought
said fish for resale, and that said fish were sold for food,
and that there is no implied warranty of soundness or
wholesomeness from the sale of food provisions to a
dealer or middleman who buys for sale to others. 4.
That said fish were bought for sale and that there was
only an implied warranty that they were reasonably fit
for the purpose for which they were sold. 5. The state-
ments in said plea that they were so carelessly, reck-
lessly and defectively packed by plaintiffs, or for other
cause unknown to defendants, they became damaged,
spoiled and rotten within a short time after they were
packed, to-wit, about three months, and to the extent
that they were entirely worthless and of no value what-
ever, is the mere expression of an opinion. 6. That the ex-
pression therein that when fish are properly packed and
cared for they will keep sound and in a merchantable
condition for from twelve to eighteen months, where-
fore they aver that plaintiffs impliedly warranted said
fish to keep sound and in a merchantable condition for
from twelve to eighteen months, is the mere expression
of an opinion, and an averment based upon such opin-
ion. 7. Said plea fails to show whether or not said fish
were in a merchantable condition at the time defendants
received and accepted the same. 8. Said plea states
that said fish were not properly packed; but on the con-

trary so carelessly, recklessly or defectively packed by plaintiffs, or for other cause unknown to defendants they became damaged, spoiled and rotten within a short time, to-wit, three months, etc., without stating what is a proper packing and in what manner they were carelessly, recklessly and defectively packed, or how they were packed. 9. Said plea shows that said fish were in a merchantable condition when received and accepted by defendants, and that they were estopped from rescinding said contract, by accepting, using and reselling a portion of said fish. These demurrers were sustained.

Thereupon the defendant filed a special plea designated "A." In this plea, after averring that the suit was for the purchase price of salt fish known as mackerel, sold to the defendants by the plaintiffs, it is then averred that the plaintiffs were wholesale packers and dealers in salt fish; that the defendants were wholesale grocers of such fish, buying for resale to retail dealers; that by reason of being such packers, plaintiffs impliedly warranted to the defendants in the sale of said fish to them, that said fish would be so salted and packed in new salt and brine as to keep for a reasonable length of time, which would be from twelve to eighteen months; that the lot of fish shipped to the defendants by the plaintiffs were not salted and packed in new salt and brine so as to keep them for said reasonable length of time; but said fish became spoiled, damaged and rotten in about three months after they were shipped to the defendants, by reason of the fact that they were not properly salted and packed; that said fish were unsound at the time they were packed and shipped to the defendants; that the salt used in packing them was of an inferior quality, and was not such as was necessary and customary to be used in the packing of such fish in order to preserve and keep them for the use for which they were sold; that plaintiffs knew that defendants were wholesale dealers and were buying said fish for resale; that within about three months after the fish were shipped and had been received by them, the defendants discovered that the fish were spoiled and unfit for sale or use; "wherefore defendants claim of the plaintiffs two hundred dollars damages for

and on account of the breach of said implied warranty above alleged, and offer to recoup and set off the same against plaintiff's demand."

The plaintiff moved to strike from the file the plea "A," upon the ground that it was substantially the same as plea No. 6, to which demurrer had been sustained. The court granted this motion, and to this ruling the defendant duly excepted.

Upon issue being joined upon the plea of the general issue, there were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the rulings of the court upon the pleadings.

E. R. BRANNEN and FOSTER, SAMFORD & CARROLL, for appellants.—The sale of the property by the purchaser to another estopped the defendant from tendering such sold article back and claiming rescission. But his defense extends to an abatement of the price agreed to be paid.—*Hodges v. Tufts,* 115 Ala. 376; *Eagan Co. v. Johnson,* 82 Ala. 237.

If defendant has made payment, wholly or partially, he must tender goods on rescission, but may retain them until restitution is made and to reimburse himself for the payment.—*Eagan Co. v. Johnson, supra.*

On breach of implied warranty on sale of goods, defendant may retain the goods and set up breach in reduction of damages—*Frith v. Hollan,* 133 Ala. 583; 15 Am. & Eng. Encyc. of Law, (2d ed.), 1255; 28 Am. & Eng. Encyc. of Law, 825; *Gachet v. Warren,* 72 Ala. 292; *Pacific Guano Co. v. Mullen,* 66 Ala. 589; 15 Am. & Eng. Encyc. of Law, (2d ed.), 1231.

A sale of a chattel for a purpose known to the manufacturer always carries with it a warranty against latent defects growing out of the process of manufacture.—15 Amer. & Eng. Encyc. of Law, (2d ed.), 1233: *Pacific Guano Co. v. Mullen,* 66 Ala. 589.

An agent authorized to sell a manufactured article for the makers may bind them by an express warranty. *Boothby v. Sales,* 27 Wis. 626; *Alexander v. Gibson,* 2 Camp. 555; *Skinner v. Gunn,* 9 Port. 305.

[Troy Grocery Company v. Potter &. Wrightington.]

WORTHY & GARDNER, *contra.*—An inspection of the two pleas, 6 and A, will disclose that they are the same in substance, and that therefore the court committed no error in striking plea "A" from the file upon the ground stated in the motion. Pleas four, five and six, as found in the record, were demurred to and the demurrers were sustained. The judgment sustaining said demurrers is a general judgment not specifying any particular demurrers as sustained. When the ruling of the court does not show as to what ground of demurrer was sustained, the judgment of the lower court will be affirmed on appeal, if *any* of the grounds assigned are good.—*Smith v. Dick,* 95 Ala. 312; 78 Ala. 328.

The demurrers to plea 4 should have been sustained. *Moses v. Katzenberger,* 84 Ala. 93; *Hodge v. Tufts,* 115 Ala. 376.

The demurrer to the 5th plea should have been sustained.—*Herring v. Skaggs,* 62 Ala. 180; *Moses v. Katzenberger,* 84 Ala. 95; *Rice v. Gilbreath,* 119 Ala. 428.

SHARPE, J.—Error is not shown in the rulings which sustained demurrers to pleas. Plea 4 does not show that the fish for the price of which the suit was brought were not supplied in accordance with the contract under which they were purchased, nor does it show that defendants sustained any damage from the fact that the fish were supplied in six and eight pound kits instead of in kits heavier in accordance with the alleged representations of plaintiff's agent. This plea neither shows a rescission of the contract of purchase or ground for abating purchase price.

Plea 5 was open to the first if to no other ground of the objections taken by demurrer. It does not follow from the mere fact that Faussett was plaintiff's traveling salesman and had authority to take defendants' order for the fish that he had authority to bind plaintiffs by warranting in their behalf, that the fish would keep sound for twelve months, or for three months, from the time they were packed.—*Herring v. Skaggs,* 62 Ala. 186; s. c. 73 Ala. 446.

A warranty in the sale of a chattel may under some

circumstances, exist without any express stipulation therefor, as where the sale is by a manufacturer of an article he makes and supplies for a special purpose upon the vendee's trust that it will be suitable for such purpose. In such case there is ordinarily an implied warranty that the article will be reasonably so suitable. *Kennebrew v. Southern, etc. Co.*, 106 Ala. 377; *Snow v. Schomacker Mfg. Co.*, 69 Ala. 111. Likewise vendors, other than manufacturers, may be subject to implications of warranty, from the character of the chattel, the purpose and terms of the purchase, and the situation of the parties. In 2 Benj. on Sales, § 998, it is said: "When the buyer orders goods to be supplied, and trusts to the judgment of the seller to select the goods which shall be applicable for the purpose for which they are intended, which is known to both the parties, there is an implied warranty that they are fit for that purpose." For decisions involving this doctrine, see *Frith v. Hollan*, 133 Ala. 583; *Best v. Flint*, 58 Vt. 443; 56 Am. Rep. 570; *Omaha etc. Co. v. Fay*, 37 Neb. 68; 55 N. W. 211; *Barnard v. Kellogg*, 77 U. S. 383.

It may be that the packing of fish for the wholesale market involves such necessity for the use of skill and judgment with reference to the preservation of the commodity as that the packer, who puts his own produce on the market, if relied on to employ such skill and judgment, can upon principles like those referred to, be held as upon an implied warranty that the packing has been properly done. Plea 6, however, does not bring the attempted defense within those principles. For that purpose the averment to the effect that there was such warranty being but the averment of a conclusion of law, is not sufficient, and the facts averred are not sufficient to support the conclusion. For all that appears in this plea, the plaintiff may not have undertaken and may not have been relied on to sell or pack the fish otherwise than in the condition in which they were sold to defendants, and the latter may upon their own judgment have agreed to buy them in that condition after having full opportunity for inspection. A sale does not necessarily imply a

[Nicrosi v. Walker *et al.*]

warranty as to condition.—*Perry v. Johnson,* 59 Ala. 648; *Barnard v. Kellogg, supra.*

In the striking of plea "A" from the record, there was error for which the judgment must be reversed. The plea was not frivolous, and the striking cannot be sustained on the ground that it was substantially the same as plea 6. Its object was not only to set up a defense similar to that attempted in plea 6, but unlike the latter plea it is framed for recoupment, and shows by way of recital and averment, facts not shown in plea 6, including the fact that the fish was unsound when packed, and other facts to show the existence and breach of a custom in respect of the mode of packing. It fails to show that the contract was made with reference to that custom, and is subject to other defects similar to those of plea 6, but the defects should have been left for plaintiffs to point out by demnurrer, since, under our practice, the insufficiency of the plea could not otherwise have been properly tested.— *Brooks v. Continental Ins. Co.,* 125 Ala. 615.

Reversed and remanded.