(101 So. 733)

**SUDDUTH v. HOLLOWAY. (6 Div. 209.)**

(Supreme Court of Alabama. Oct. 23, 1924.)

**1. Sales ⊜434—Count held to state cause of action for breach of implied warranty of coal.**

Count alleging that seller knew that buyer was buying coal for steam purposes, that it was seller's duty to furnish coal that would generate steam, that coal furnished was inferior, that buyer paid for coal and freight thereon, all money expended being result of defendant's failure to furnish kind of coal bought, *held* to state cause of action for breach of implied warranty.

**2. Sales ⊜273(3)—When implied warranty exists stated.**

When buyer orders goods to be supplied and trusts to seller to select goods applicable to purpose intended, which is known to both parties, there is implied warranty that they are fit for that purpose.

**3. Assignments ⊜117—Suit on implied warranty properly brought in name of holder of legal title not beneficially interested.**

Suit for breach of implied warranty in sale of coal not being action controlled by Code 1907, §§ 2489, 2490, *held* properly brought in plaintiff's name, although money when collected was not for his use; he having assigned claim, and it having been reassigned to him for purpose of suit.

**4. Assignments ⊜136—Reassignment of claim sued on held properly received in evidence.**

In suit for breach of implied warranty in sale of coal, where plaintiff testified he had previously transferred claim to another, there was no reversible error in permitting in evidence written reassignment of claim to plaintiff; fact that retransfer was not for valuable consideration being immaterial.

**5. Sales ⊜445(1)—Refusal of seller's general charge held without error.**

Where evidence authorized finding of implied warranty in sale of coal by defendant, there was no error in refusing defendant's general charge.

**6. Sales ⊜446(1)—Charge that plaintiff was proper party because he alone could discharge defendant held without error.**

Charge that plaintiff was proper party because he alone could discharge defendant from liability, on implied warranty of coal, *held* without error, although "alone" could have been omitted.

---

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Appeal and error ⬳1066—Instruction on measure of damages for breach of implied warranty held without injurious error.**

When compared with complaint and plaintiff's proof, instruction that damages for breach of implied warranty was money paid out for coal, which failed to come up to recommendation or difference between value of use obtained from it and what it cost, *held* without injurious error.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action by J. W. Holloway against Henry Sudduth. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Count 2 of the complaint is as follows:

"The plaintiff claims of the defendant the sum of $250 with legal interest thereon, for that on, to wit, September 12, 1917, the defendants were selling coal, and the plaintiff bought of the defendants, on, to wit, said date, a car of coal, to wit, 55 tons; that at the time of said sale and purchase the defendant knew that the plaintiff was buying said coal for the purpose of burning it to generate steam to operate machinery; that it thereupon became and was the duty of the defendants to furnish plaintiff such coal as would burn and generate steam, for the purpose of operating machinery; that the defendants did not furnish the plaintiff such coal as would burn and generate steam, and thereby operate machinery, but the coal that was furnished by defendants was very inferior and contained great quantities of rock, shale, slate, or foreign matter, which rendered the coal worthless for the purpose for which it was bought and sold. Plaintiff avers that he paid the defendants for the said coal $175, paid the freight on same from Carbon Hill, Ala., to Guin, Ala., amounting to $60, and paid drayage or haulage on the said coal from the car to his machinery amounting to $30,—all of which money so expended was the result of the defendant's failure to furnish the kind of coal that the plaintiff bought, and that the defendants sold to plaintiff."

Defendant demurred to this count upon the ground, among others, that it does not define the obligation averred, whether it was expressly assumed or resulted from implication.

Plea 6 is as follows:

"Comes the defendant, and for answer to the complaint says that the claim sued on is not the property of the plaintiff; he having transferred all his interest therein before the commencement of this suit."

It appears that plaintiff, Holloway, was operating a cotton gin at Guin, and needed coal to generate steam and operate his machinery; that he made known his needs to one Anthony, who undertook to secure coal for him; that Anthony did procure the car of coal in question to be shipped by the defendant, with draft attached to bill of lading, consigned to shipper's order, notify A. W. Anthony & Son; that plaintiff paid the draft and unloaded the coal at his gin, but that it was of inferior grade, not suited to the purposes for which it was bought, and would not generate steam. Anthony, as a witness for plaintiff, testified that when plaintiff told him of his need for coal he called defendant, at Carbon Hill, on the telephone and stated to defendant that he (Anthony) had a friend who was in need of some steam coal, and asked defendant if he knew where he could get some; that defendant, in the conversation, told him he had a car loaded that he could ship; that Anthony told defendant who his friend was, that he had a gin, that cotton was piling up, and that he was in dire need of coal; and that defendant said he would ship the car, shipper's order notify, etc. This witness further testified that he did not see or inspect the coal. On this point, defendant testified that Anthony personally inspected and accepted the coal before it was shipped.

It appears further that the plaintiff disposed of his gin and assigned the claim, the basis of this suit, to one L. Pearce; that Pearce retransferred the claim to plaintiff for the purpose of maintaining the suit; that plaintiff paid nothing for the transfer; and that any proceeds of the claim would inure to Pearce.

These charges were refused to defendant:

"(A) The court charges the jury that it is necessary for J. W. Holloway, to own a beneficial interest in the results of this suit, and, unless you are reasonably satisfied that J. W. Holloway has such interest, then you will find for the defendant.

"(B) The court charges the jury that if they believe from the evidence that the plaintiff Holloway had no interest in the results of this suit at the time of filing the suit, then you will find for the defendant.

"(D) The court charges the jury that if they believe from the evidence that L. Pearce was the sole owner of the damages claimed in this suit at the time suit was filed, then you will find for the defendant.

"(E) The court charges the jury that if you believe from the evidence that the transfer from L. Pearce to Holloway in evidence was made without any valuable consideration, but was done to enable Holloway to bring suit, and did not transfer or assign the legal title to the damages involved in this suit, then you will find for the defendant."

Defendant excepted to these portions of the court's oral charge:

"That J. W. Holloway is a proper party plaintiff in this case, because the legal title to the claim, whatever claim there is, is in J. W. Holloway. He and he alone can discharge this defendant from liability, if there be any liability, under this contract, and therefore the suit

is properly brought in the name of J. W. Holloway."

"The court instructs you that the measure of damages is the amount of money that the plaintiff paid out for the article which he complains; for the coal which he complains failed to come up to recommendation, or the difference between the value of the use obtained from that article and what it cost him, that would be the measure of damages."

Sowell & Gunn, of Jasper, for appellant.

Demurrer to the second count of the complaint should have been sustained. McCaa v. Elam Drug Co., 114 Ala. 74, 21 So. 479, 62 Am. St. Rep. 88; Little-Cleckler Co. v. Sonneborns, 17 Ala. App. 216, 84 So. 548; Moore v. Asphalt Co., 118 Ala. 563, 23 So. 798. Plea 6 was not subject to demurrer. Code 1907, §§ 2489, 2490; Johnson v. Martin, 54 Ala. 271; Babcock v. Carter, 117 Ala. 575, 23 So. 487, 67 Am. St. Rep. 193; Bohannon v. Thomas, 159 Ala. 410, 49 So. 308; A. G. S. v. Altman, 191 Ala. 429, 67 So. 589; B. R., L. & P. Co. v. Ætna Co., 184 Ala. 601, 64 So. 44; N., C. & St. L. v. Abramson, 199 Ala. 271, 74 So. 350; Spurgeon Co. v. McCall, 204 Ala. 395, 85 So. 480; Hirschfelder v. Mitchell, 54 Ala. 419; Hallmark v. Hopper, 119 Ala. 78, 24 So. 563, 72 Am. St. Rep. 900; Dougherty v. Powe, 127 Ala. 577, 30 So. 524; Vinegar Bend Co. v. Chicago Co., 131 Ala. 411, 30 So. 776; Ex parte Randall, 149 Ala. 640, 42 So. 870. The assignment of the right of action was erroneously admitted in evidence. Coffman v. L. & N., 184 Ala. 474, 63 So. 527; Hicks' v. Meadows, 193 Ala. 246, 69 So. 432. The part of the court's oral charge upon the measure of damages was erroneous. Abraham Bros. v. Means, 16 Ala. App. 42, 75 So. 187; Herring v. Skaggs, 62 Ala. 180, 34 Am. Rep. 4; Young v. Arntze, 86 Ala. 116, 5 So. 253; Bessemer Ice Co. v. Brannen, 138 Ala. 157, 35 So. 56; Consumers' Coal Co. v. Yarbrough, 194 Ala. 482, 69 So. 897; Roddam v. Brown, 201 Ala. 109, 77 So. 403; Chapman v. Dowling, 205 Ala. 586, 88 So. 748.

W. F. Finch, of Jasper, for appellee.

There was an implied warranty in this case that the coal would be fit for the purpose for which it was bought. Troy Groc. Co. v. Potter & Wrightington, 139 Ala. 359, 36 So. 12; Frith v. Hollan, 133 Ala. 583, 32 So. 494, 91 Am. St. Rep. 54; Gachet v. Warren & Burch, 72 Ala. 288; Snow v. Schomaker Mfg. Co., 69 Ala. 111, 44 Am. Rep. 509; Pacific Guano Co. v. Mullen, 66 Ala. 582. Plea 6 was subject to demurrer. Code 1907, § 2489; Sullivan v. L. & N., 138 Ala. 650, 35 So. 694; Pearson v. King, 99 Ala. 125, 10 So. 919; Ex parte Randall, 149 Ala. 640, 42 So. 870; Ala. Power Co. v. Hamilton, 201 Ala. 62, 77 So. 356; Bank v. Bank, 16 Ala. App.

247, 77 So. 167; A. C. G. & A. v. Kyle, 202 Ala. 552, 81 So. 54.

ANDERSON, C. J. [1, 2] Count 2, the one upon which this cause was tried, stated a cause of action as for the breach of an implied warranty in the sale of a carload of coal. When the buyer orders goods to be supplied and trusts to the judgment of the seller to select the goods, which shall be applicable for the purpose for which they are intended, which is known to both parties, there is an implied warranty that they are fit for that purpose. 2 Benjamin on Sales, § 998; Troy Grocery Co. v. Potter & Wrightington, 139 Ala. 359, 36 So. 12.

The case of McCaa v. Elam Drug Co., 114 Ala. 74, 21 So. 479, 62 Am. St. Rep. 88, in no wise conflicts with this holding as the opinion in said case quotes approvingly the above statement by Mr. Benjamin and says that the facts set up in the second and third counts are such from which an implied warranty may arise, but each of them went further and averred an agreement and undertaking to furnish a certain kind and quality of paint for the purpose for which she desired the same, and that they were for a breach of an express agreement as distinguished from an implied warranty. Count 2 was not subject to the defendants' demurrer, which was properly overruled by the trial court.

[3] This suit is for the breach of an implied warranty in the sale of a carload of coal, and is not such an action as falls within the influence of sections 2489 and 2490 of the Code of 1907. Sullivan v. L. & H. R. R., 138 Ala. 650, 35 So. 694. It seems, however, that notwithstanding section 2489 of the Code, and not withstanding the beneficial owner may sue in the instances there enumerated the holder of the legal title, if a party to whom payment can legally be made, and who can legally discharge the debtor, may bring the action in his own name, although the money when collected is not for his use. Rice v. Rice, 106 Ala. 636, 17 So. 628; Hirschfelder v. Mitchell, 54 Ala. 419. The legal owner may no doubt sue for the beneficial owner or the beneficial owner could no doubt use the name of the legal owner when necessary, upon indemnifying him for cost, but it would seem from the foregoing authorities that if the legal owner cares to assume the burden and responsibility he can maintain the action in his own name. The trial court did not err in sustaining the demurrer to defendants' plea 6.

[4] The trial court committed no reversible error in permitting the written assignment from Pearce to the plaintiff to be introduced in evidence. Plaintiff had just testified that he previously sold and transferred the claim to Pearce, and the trans-

fer in question was relevant evidence of a retransfer of the claim to the plaintiff. On the other hand, if the previous transfer did not get the title out of the plaintiff, and the retransfer was irrelevant, it was harmless, as the plaintiff in either event would be the legal owner. The fact that the retransfer to the plaintiff was not for a valuable consideration was of no moment to this defendant, who was not a purchaser or creditor.

The case of Coffman v. L. & N. R. R., 184 Ala. 474, 63 South. 527, involved the admission of an agreement of indemnity between the plaintiff and the insurance company, introduced by the other side, and the court held that it was not without injury, as it tended to weaken the plaintiff's claim of title.

The case of Hicks v. Meadows, 193 Ala. 246, 69 So. 432, involved a gift of personal property without a delivery. Here we have no personal property to deliver, but the mere assignment of a cause of action.

For reasons set out under the second proposition discussed in this opinion the trial court did not err in refusing the defendants' requested charges A, B, D, and E.

[5] There was no error in refusing the general charge requested by the defendant. Under the rule laid down in discussing the complaint, the jury was authorized to find an implied warranty in the sale of the coal by the defendant when negotiating with Anthony, who was acting for the plaintiff. Nor was the coal sold by inspection, but by bill of lading, with draft attached. The plaintiff testified that he took up the draft and bill of lading "before unloading or inspecting the coal."

[6] The oral charge of the court substantially conformed to the law as to Holloway's rights as the legal owner. True, the word "alone" could have been omitted therefrom, but, conceding that the beneficiary could also, under the circumstances, have settled or released the claim, Holloway had the primary right to do so, and the question of a release or the conflicting rights of Holloway or Pearce to make one was not involved.

[7] While that part of the oral charge excepted to in reference to damages is not as clear and full as it might be, we do not think that it was injuriously erroneous when compared with the complaint and plaintiff's proof, which seems to have been accepted by the jury. The complaint only claimed back what plaintiff had paid for the coal, including expenses for shipping and hauling, and that the coal was worthless for the purpose for which it was bought, and the oral charge, as excepted to, held the jury down to the difference between what was paid out and what the coal was actually worth to the plaintiff.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.