186 So. 179

### GILBERT v. LOUIS PIZITZ DRY GOODS CO.

6 Div. 392.

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Denied Feb. 9, 1939.

Taylor & Higgins and Waldrop Windham, all of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellee.

THOMAS, Justice.

The Court sustained demurrers to Counts A and B. The plaintiff took an involuntary nonsuit and moved the Court for an order accordingly.

There are several grounds of demurrer. Some of them set up new matter in defense or avoidance, and for this reason were speaking demurrers. Mutual Building & Loan Ass'n v. Moore, 232 Ala. 488, 494, 169 So. 1; Maulitz v. Jones, 222 Ala. 609, 133 So. 701; Webb v. J. R. Lowe & Co., 215 Ala. 552, 112 So. 138; 49 C.J. page 423, § 536.

It is declared by this Court, that when a buyer makes known to the seller the particular purpose for which the goods, articles, or machinery are required, and relies upon the seller's skill and judgment as to the stated quality, end and purpose for which they are intended, there arises an implied warranty that the same are reasonably fit for such purpose—a fact and result known to both parties. Sudduth v. Holloway, 212 Ala. 24, 101 So. 733; Troy Grocery Company v. Potter & Wrightington, 139 Ala. 359, 36 So. 12; Creamery Package Mfg. Co. v. Fields, 235 Ala. 602, 180 So. 275; Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454; Alabama Machinery & Supply Co. v. Caffey; 213 Ala. 260, 104 So. 509.

The pertinent provisions of the Act of 1931, General Acts 1931, page 574, Section 15, Subsections (1) and (6), are: "(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose. * * * (6) An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

The rules of good pleading are well stated in our decisions. In Dwight Manufacturing Co. v. Holmes, 198 Ala. 590, 73 So. 933, the authorities are collected to the effect, that when the facts averred show a relation between the parties out of which the duty in the premises arises, it is sufficient to charge the negligent failure of duty in general terms. Louisville & N. R. Co. v. Courson, 234 Ala. 273, 174 So. 474; Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237; Demopolis Telephone Co. v. Hood, 212 Ala. 216, 102 So. 35; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334; Allison Coal & Transfer Co. v. Davis, 221 Ala. 334, 129 So. 9; Townsend v. Adair,

223 Ala. 150, 134 So. 637; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

In every count grounded on negligence, the three essentials of such averment are: (1) a duty owing as between the parties; (2) a breach of that duty; and (3) injury to plaintiff in consequence of that breach. Tennessee Coal, Iron & R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Sloss-Sheffield Steel & Iron Co., v. Weir, 179 Ala. 227, 60 So. 851.

We hold that Counts A and B are not subject to the demurrers directed thereto.

In Kirkland v. Great Atlantic & Pacific Tea Co., 233 Ala. 404, 407, 171 So. 735, 738, it is said: "Assuming, without deciding, that a breach of an implied warranty under section 15 of said act ([General Acts 1931], page 574) will support an action of tort on the theory of a breach of duty growing out of contract, it would seem clear that the plaintiff must bring himself within one of the exceptions defined in section 15, since there is no implied warranty save as defined in these exceptions."

It is apparent from the averments of Count A the plaintiff brought herself within the exception of the Uniform Sales Act, and Count A is a good count on the theory of the negligent breach of duty arising out of contract.

Count B adopts Count A as indicated; avers the relationship existing, and that defendant's agents acting within the line and scope of their duty sold the glasses to plaintiff; that it was made known by plaintiff to the defendant's authorized agent in the premises, that she wanted glasses to aid her in engaging in her ordinary pursuits; that she relied upon the judgment and skill of defendant and its agents to select, prepare and fit to her eyes glasses for the indicated purpose. Sudduth v. Holloway, supra.

The act of the defendant in the matter (so far as the pleading discloses) was a discharge of its non-delegable duty to the plaintiff. Alabama Power Co. v. Pierre et al., Ala.Sup., 183 So. 665;[1] Dixie Stage Lines v. Anderson, 222 Ala. 673, 134 So. 23; Alabama Power Co. v. Emens, 228 Ala. 466, 153 So. 729. It is thus seen from the pleading that under the recent decision of Alabama Power Co. v. Pierre, et al., supra, it can make no difference whether the person who examined plaintiff's eyes and fitted the glasses was an independent contractor or an ordinary agent. The plaintiff in this case went to the department store to have her eyes examined, glasses fitted, and to purchase the same. She had no knowledge of, or interest in the arrangement between the defendant-appellee and its agent effecting the sale of glasses to her after testing her eyes.

Count A was for negligence and Count B was for breach of warranty; both counts being grounded on failure to properly fit the plaintiff's eyes with glasses. The complaint does not charge this was done by a duly licensed optometrist; yet it states these facts to that effect, under the statute. The rule is that a pleading challenged by demurrer is construed against the pleader, and that illegality is not presumed, when the facts do not show an illegal act. Nelms v. Edinburg-American Land Mortgage Co., 92 Ala. 157, 9 So. 141; Western Union Telegraph Co. v. Louisville & N. R. Co., 202 Ala. 542, 81 So. 44.

This construction and presumption, touching the complaint, under the facts averred, amounts to a charge that the fitting and sale of the glasses was by an optometrist, operating under the statute as an optometrist of defendant's general business. Thus the pleadings were brought within the influence of the statutes, § 2873 et seq., Code; § 4387 et seq., Code; Gen. Acts 1935, p. 896, et seq., under our decisions affecting injury in the discharge of a non-delegable duty of the master by a servant, acting within the line of duty of his employment. Priscilla Hampton v. Brackin's Jewelry & Optical Co. Inc., Ala.Sup., 186 So. 173;[2] Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Parsons v. Yolande Coal & Coke Co., 206 Ala. 642, 91 So. 493; Nall v. Alabama Utilities Co., 224 Ala. 33, 138 So. 411; Donald v. Swann, 24 Ala.App. 463, 137 So. 178.

The several counts were not subject to the demurrers interposed. The judgment of nonsuit was entered on account of erroneous rulings of the trial court, and that judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

[1] 236 Ala. 521.

[2] Ante, p. 212.