## LOUIS LAURENT vs. ANTOINE BERNIER.

An action brought by plaintiff against the defendant for wounding him by the negligent discharge of a gun, is an action for a battery, and therefore comes within the provisions of Section twenty-three of the code of 1859, and should be brought within one year.

An answer to such a cause of action, setting up as defenses, first, that the cause of action did not accrue within three; second, that it did not accrue within four, and third, that it did not accrue within two years before the commencement of the action, *held* that these defences were all valid.

The facts are given in the opinion of the court.

*Elmore & Martin*, for plaintiff in error.

The cause of action, set out in the petition in this case, is alleged to have accrued on the 14th day of March, 1858. The acts of '55 were then in force. (*See acts of '55, p.* 96, § 4.) The laws of '58 went into effect April 1st, 1858. (*See act* 1858, *p.* 169, § 614.) Within what time action to be commenced. (*See act* 1858, *p.* 67, § 15.)

The acts of '59 were in force on the first of June, '59. (*See compiled laws, p.* 232, § 624.) Within what time action is to be commenced. (*See Compiled Laws, p.* 127, § 22.)

I. Every citizen is guaranteed by the law personal security. The wounding of Bernier was a violation of this right. (1 *Black. Com., p.* 97, *part* 3; 2 *Bouv. Inst.*, 2211, 2212; 4 *Bouv. Inst.*, 3594, 3595.)

II. Rights relate not only to the person but to things, (1 *Black. Com.*, 87, 88,) and in their more extended signification, include violation of contracts. (2 *Bouv. Inst.*, 2208, 2211, 2212; 2 *Black. Com.*, 158; *Bouv. L. D.* 669; 2 *Bouv. L. D*, 484; 1 *Black. Com.*, 124, 139.)

III. Section twenty-two, compiled laws, (*p.* 127,) is in the very broadest terms, and includes the violation of all rights, not only of the person but of things, and according to Mr. Justice Blackstone, even to contracts. (*See authorities cited above.*)

Section twenty-two limits all actions for injury to the rights of the plaintiff not arising under a contract, and not hereinafter enumerated, to two years. This injury was not under a contract, and is not thereafter enumerated.

IV. Section twenty-five of same act refers to relief not hereinbefore provided for. Relief has a technical meaning, referring to chancery proceedings. (2 *Bouv. L. D.* 441; *Comp. Laws, p.* 838.)

The limitation law of Kansas is an exact copy of the Ohio statutes, except as to time. (*Ohio stat., p.* 627.)

*J. & D. Brockway,* for defendant in error.

The shooting occurred in March, 1858. The legislature of 1855 limited this class of actions to three years from the time the cause of action accrued. (*Laws* 1855, *p.* 96, § 4.)

The legislature of 1858 passed a new limitation act, and from the section corresponding to section four of the act of

1855, omitted the words "to the person." (*See* § 15, *p.* 67, *laws of* 1858.)

This legislature also prescribed a new and different limitation to all causes of action for "injury to the person," included in the fourth section of the act of 1855, by the provisions of section eighteen of the act of 1858.

Sections twenty-two and twenty-five of the act of 1859 are identical with sections fifteen and eighteen of the act of 1858, except the limitation in section fifteen, act of 1858, is changed by the act of 1859 from four to two years.

Now, when the legislature amends or alters a law it is to be presumed a positive provision, such as was in the act of 1855, being left out, that it is intended to abrogate it.

The code of New York, from which our code is mediately derived, through the Ohio code, contains the limitation upon injuries to the "person" in section ninety-one, which is the corresponding section with section twenty-two of our code.

In copying that statute, it was intended to change the short limitation upon this and other classes of injuries to the person, else why were the words, "to the person," left out?

Introducing the general sections into the codes of 1858 and 1859, into which this class of actions now falls, shows, too, that it was the intention of the legislature to provide a different rule of limitation to cover what was stricken out of section four of the act of 1855.

There being no other section of the code of 1859, under which this cause of action is limited, it falls plainly within the provisions of section twenty-five of the code of 1859, making the limitation two years.

By the Court, COBB, C. J. Bernier brought his action in the district court on the twenty-fourth day of December, 1860, for wounding him by the negligent disgharge of a gun. Laurent answered, setting up as defenses, first, that the cause of action did not accrue within three; second, that it did not

accrue within four; and third, that it did not accrue with in two years before the commencement of the action.

To these several allegations, Bernier demurred on the ground that neither of them constituted a defense to the action. The court sustained the demurrer, and Bernier recovered a judgment, which Laurent seeks to have reversed for error of the court, in sustaining the demurrer.

The sole question is whether the cause of action was barred by the statute of limitations, and that question depends solely on the construction of the limitation law, contained in the code procedure in 1859. The plaintiff in error claims that section of twenty-two of the code applies to the case, and requires the action to be commenced within two years after the cause of action accrued, while the defendant insists that the case falls within the provisions of section twenty-five, which allows ten years to commence actions for causes therein referred to.

We think neither is correct. The language of neither of those sections seems appropriate to describe such a cause of action as the one in question. But section twenty-three declares that "an action for libel, slander, assault, battery, malicious prosecution or false imprisonment," can only be brought within one year. *Bouvier's Law Dictionary*, (*vol.* 1, *p.* 162,) defines a battery as "the unlawful touching the person of another by the aggressor himself or any other substance put in motion by him," and after citing several authorities, proceeds to say, "it must be either willfully committed or proceed from want of due care," and cites *Str.* 596, *Hob.* 134, *Plowd.* 19, 3 *Wend.*, 391.

In *Bullock vs. Babcock*, (3 *Wend.* 391,) the defendant, a boy, negligently shot an arrow, and thereby put out the plaintiff's eye. Action was brought for trespass, assault and battery, and the plaintiff had a verdict. A motion was made in the supreme court for a new trial, but the verdict was sustained. Marcy, justice, delivered the opinion of the court, and cited several English authorities, holding an action for a

battery to be maintainable for such negligent wounding. These authorities show that the wounding charged in the case under consideration may properly be described as a battery, and the case, therefore, comes within the provisions of section twenty-three above cited, limiting the time for commencing action to one year. The three defenses set up were, therefore, all valid, and the demurrer should have been overruled.

The judgment of the district court must, therefore, be reversed, with cost to plaintiff in error, and the cause remanded for a new trial.

All the justices concurring.