Combs v. Thompson.

ARMOUR COMBS v. ALFRED T. THOMPSON.

No. 13,412.   (74 Pac. 1127.)

SYLLABUS BY THE COURT.

1. PLEADINGS—*Motion to Make Definite and Certain.*   A trial court is invested with considerable discretion in disposing of motions to make pleadings definite and certain, and the refusal of such a motion will not be a ground for reversal, unless it appears that prejudice resulted from the ruling.

2. PERSONAL INJURIES—*Toy Cannon—Intention of Wrong-doer.*   Where an injury is inflicted by the discharge of a toy cannon negligently pointed toward people passing along a public street of a city, the party discharging it will not be relieved from liability for his carelessness merely because he did not intend to shoot the person who was injured.

Error from Wyandotte district court; E. L. FISCHER, judge.    Opinion filed January 9, 1904.    Affirmed.

*McGrew, Watson & Watson*, and *J. W. Jenkins*, for plaintiff in error.

*S. H. Whisner*, and *Alden & McFadden*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : On July 4, 1901, Armour Combs was celebrating the day by loading and discharging a toy cannon at the junction of two principal streets of Kansas City.    As Alfred T. Thompson was about to board a street-car at this junction he was shot in the leg and injured.    He brought an action alleging that Combs negligently and wantonly loaded his cannon with powder and leaden shot and discharged it on a public thoroughfare over which large numbers of people were constantly passing ; that the charge of shot from the cannon entered his left leg, seriously wounding him, causing him intense pain, and disabling him from performing labor or from following his usual vocation for a long period of time.    Combs denied these averments and contended that his cannon was not loaded with shot, or with anything except powder and tissue paper.    The verdict was in favor of Thompson, awarding him damages in the sum of $200.

Complaint is made that a motion to require Thompson to make his petition more definite and certain was overruled.    Among other things, the petition stated that the plaintiff was a strong, healthy man, capable of earning, and did earn, seventy-five dollars per month, and that the injury inflicted rendered him unable to perform his usual work and to follow his

Combs v. Thompson.

usual vocation for a long time.   The motion was that
Thompson should be required to state what his usual
vocation was and the length of time he was unable to
follow it by reason of the injury.   The court might
well have allowed the motion, especially as to the
length of time plaintiff was disabled from performing
work ; but looking at the proceedings as given in the
record, we do not think that any prejudice resulted from
the ruling.   There was no surprise on the part of the
defendant as to the employment in which Thompson
was engaged, nor any difficulty in learning what his
earnings were.   The principal damage sustained was
the pain and suffering resulting from the wound, and
the loss of time was only an incident.   No special
award was made for loss of time, and the total award,
$200, does not indicate that a substantial allowance
was made for loss of time.   The court is invested with
considerable discretion with motions of this character,
and as no prejudice appears to have resulted because of
the ruling, it cannot be regarded as prejudicial error.

It is strongly urged that the testimony fails to show
that the injury sustained was caused by Combs, and,
at any rate, that it did not prove that the injury was
the result of any negligence on his part.   It is argued
that no one saw him load the cannon with shot, and he
testified positively that he did not, and had no shot
with him.   The testimony, however, is that the cannon
was pointed directly toward a much-traveled street,
and toward the point at which Thompson was stand-
ing ; that Combs was engaged in loading and shoot-
ing it, and that when it was turned in the direction of
Thompson and fired he was struck on the leg with
the shot, and the paper wadding from the cannon was
thrown near him and under the car which he was
boarding.   Of course, no one traced the shot on its

course from the cannon to Thompson, but when asked if he knew that the shot which hit him came from that cannon he said it could not have come from any place else, and for the reason that no other cannon was fired at that time. One witness testified that Combs had something like shot in his hands at the time; that he had cartridges or shot, and he thought it was shot.

From testimony introduced, it cannot be said that there was no evidence tending to show that the injury was inflicted by the discharge of the cannon. Under the evidence and findings, we must infer that shot *was* used by Combs, and was discharged from the cannon. He probably did not have any intention of shooting Thompson, but the fact that he may not have directed the cannon toward Thompson or intended to shoot and injure him will not relieve Combs from liability. The injury would not have occurred but for his carelessness. It was a reckless act to discharge a loaded cannon into a public street of the most populous city in the state and to direct it toward a crowd of people who were continuously passing along the street. He put the forces in operation which caused the injury, and whether it was intentionally or only carelessly done, he must respond in damages.

While the testimony of negligence is somewhat meager, we think there was enough to take the case to the jury, and to justify a finding that shot was used in loading the cannon, and that the injury was due to the fault of Combs.

There is some criticism of the instructions, but we find nothing in them to justify disturbance of the verdict or to require special comment.

The judgment of the district court will be affirmed.

All the Justices concurring.