No. 24,774.

JAMES H. HERSHEY, *Appellant,* v. O. H. PEAKE, *Appellee.*

SYLLABUS BY THE COURT.

1. PHYSICIAN AND SURGEON—*Distinction between Assault and Battery and Negligence Constituting Malpractice.* As applied to a surgical operation, the distinction, ordinarily, between an unauthorized operation amounting to assault and battery on the one hand, and negligence such as would constitute malpractice on the other, is that the former is intentional while the latter is unintentional.

2. SAME—*Action for Malpractice.* The petition examined, and held to state a cause of action for malpractice, rather than one for assault and battery.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed March 8, 1924. Reversed.

*Thomas E. Wagstaff,* of Independence, for the appellant.

*W. W. Brown, Alfred G. Armstrong,* both of Parsons, and *A. R. Lamb,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages. The trial court rendered judgment for defendant upon the pleadings and the opening statements of counsel. The plaintiff has appealed.

The question for decision is the statute of limitations. Does the petition state a cause of action for assault and battery or a cause of action for malpractice? If the former, the one-year statute of limitations applies (R. S. 60-306, 4th clause); if the latter, the two-year statute applies (R. S. 60-306, 3d clause) if the action is in tort, and a longer period if on contract. (30 Cyc. 1582; 21 R. C. L. 400.) The injury complained of is alleged to have been sustained April 2, 1919, and this action was filed January 18, 1921. Hence, if the one-year statute applies the action was barred and the judgment of the court was correct; if the two-year statute, or a longer one, applies, the action was brought in time and the case should be reversed. That part of the petition necessary to be examined reads as follows:

"That on the 2nd day of April, 1919, the plaintiff went to the office of the defendant at Parsons, Kansas, where he met the defendant and verbally stated to him that he had an X-ray picture or photograph of his jaw and teeth, told the defendant that said X-ray picture of photograph was taken by E. C. Glass of Independence, Kansas, and that said picture disclosed among other things, the roots of the first and second bicuspids and first molar teeth on the upper left side of plaintiff's jaw infected and the gums and tissues surrounding said roots inflamed. That plaintiff verbally advised defendant at said time that he had been sent to defendant by Dr. A. S. DeVore of Independence, Kansas, to have said three teeth so infected as hereinbefore alleged pulled. That thereupon the plaintiff gave the defendant the said X-ray photograph or picture of his teeth and jaw aforesaid, whereupon the defendant took the said photograph into his hands, looked at the same and thereupon said that photograph, which defendant then had and held in his hand, disclosed that said teeth had pus at the roots thereof, and pointing to the said photograph with a steel instrument about six inches long and one-eighth of an inch thick said to plaintiff, 'You can see for yourself the teeth are badly infected and pus sacks at the base.' Thereupon the defendant examined plaintiff's jaw and teeth, probed said teeth with the dental tool aforesaid, and thereupon stated to plaintiff that the photograph and defendant's examination of plaintiff's jaw and teeth disclosed that the teeth were badly infected. He then exclaimed: 'I will pull the teeth. You will have to take gas.' Thereupon plaintiff told defendant that he consented to the pulling of said teeth. Whereupon the defendant immediately administered gas to plaintiff and when plaintiff was under the influence of said gas the defendant proceeded to operate upon plaintiff by pulling the first and second bicuspids and first molar teeth on the upper right side of plaintiff's jaw instead of pulling the first and second bicuspids and first molar teeth on the upper left side of plaintiff's jaw, which last men-

tioned teeth the defendant stated he would pull and which plaintiff consented for the defendant to pull. That the teeth that defendant did pull, as mentioned and hereinbefore alleged, were in a healthy condition and in no way infected or ulcerated, all of which the defendant then knew when he pulled the same. That when plaintiff discovered the defendant had pulled the teeth aforesaid he verbally called the defendant's attention to the fact that he had pulled the teeth on the right side instead of those on the left side. That at said time defendant had one of the teeth in an instrument in his hand. He thereupon threw the tooth on the floor and exclaimed: 'By G—— I have pulled the wrong tooth." He thereupon washed out plaintiff's jaw and gum from which he had pulled the teeth and then said, 'You take or use salt water, listerine or lavoris and as soon as your gum heals come back over here and I will pull the ulcerated teeth on the left side. I don't know why I pulled the wrong teeth as the X-ray picture plainly showed which teeth were infected, and I followed up the X-ray by examining the gums and teeth. It is just one of those things that I cannot explain as I certainly knew which teeth to pull.' That the defendant wantonly, recklessly and negligently pulled said healthy teeth while plaintiff was under the influence of said gas, and in so doing neglected to use reasonable and ordinary care and skill ordinarily possessed by dentists and the wanton, reckless and careless disregard of the knowledge the defendant had obtained from said X-ray photograph and his examination of plaintiff's jaw and teeth, all as hereinbefore alleged, the defendant caused plaintiff to forever lose said teeth and the use thereof to plaintiff's damage as hereinafter alleged."

The appellee contends that the petition states a cause of action for assault and battery and cites and relies upon *Mohr v. Williams*, 95 Minn. 261, and allied cases; *Pratt v. Davis*, 224 Ill. 300; *Rolater v. Strain*, 39 Okla. 572; *Throne v. Wandell*, 176 Wis. 97; *Schloendorff v. New York Hospital*, 211 N. Y. 125; *Rishworth v. Moss*, 159 S. W. 122 (Tex.) ; 191 S. W. 843, 222 S. W. 225. Generally speaking, these cases announce and apply the rule (*a*) that a person (in possession of his faculties and in such physical health as to be able to be consulted as to his condition and no emergency existing making it impracticable to confer with him) has the right to say whether or not any contemplated surgical operation shall be performed upon him; (*b*) that a surgical operation performed upon such a person without his consent is wrongful and unlawful and amounts to a trespass upon the person and is assault and battery; (*c*) that such person may maintain an action against the surgeon for damages, if any have been sustained, because of such wrongful operation, and (*d*) such an action may be maintained though the surgeon was learned and skillful and exercised due care and skill in all he did.

The doctrine announced in the leading case, *Mohr v. Williams*, supra, is seriously criticized and its strict applicability to modern

surgical operations is denied in *Bennan v. Parsonnet,* 83 N. J. L. 20. The case of *Rolater v. Strain,* supra, is based upon an exceedingly narrow ground, which the same court in effect modified in the later case of *King v. Carney,* 85 Okla. 62. But it will not be necessary in this case for us to approve or to disapprove the principles announced and applied in these cases.

Appellant contends that the petition states a cause of action for malpractice based upon the negligence of defendant in that he did not exercise ordinary care and skill in performing the service which he undertook and he relies upon the principles usually recognized in such cases, many of which are stated with citations in *James v. Grigsby,* 114 Kan. 627, 220 Pac. 267.

The fundamental distinction between assault and battery on the one hand and negligence such as would constitute malpractice, on the other, is that the former is intentional and the latter unintentional. (5 C. J. 625.) In each of the cases relied upon by appellee the surgeon intended to perform the operation which he did perform. There was no mistake nor lack of ordinary care or skill, but the operation was wrongful in that the surgeon did not have proper authority—the consent of the patient. Here the defendant is charged with pulling the wrong teeth and in so doing that he neglected to use reasonable and ordinary care and skill; that he carelessly disregarded the knowledge he had obtained from the examination of the X-ray photograph and his own examination of plaintiff's jaw and teeth and that when his attention was called to the fact that he had pulled the teeth on the wrong side he exclaimed that he had pulled the wrong tooth and stated that he did not know why he had done so as the picture and his own examination showed plainly which teeth were affected.

In *Sullivan v. McGraw,* 118 Mich. 39, the action was brought to recover damages for the wrongful operation by defendant upon the plaintiff's left leg—the claim being that the defendant was employed to operate upon the right leg; that after putting the plaintiff under the influence of choloform, the defendant wrongfully and carelessly operated upon the left leg. The court said:

"The declaration avers negligence on the part of defendant in operating upon the left, instead of the right, leg. We think the court below was not in error in saying that the only question in the case for determination was whether or not the defendant was negligent in operating upon the wrong leg. That is the averment in the declaration, and the only case which the plaintiff's proofs tended to establish. We cannot, however, agree with the court below

that there was no evidence tending to establish that fact. Plaintiff had put himself under the care of the defendant, and, as he says, for the purpose of an operation upon his right leg. According to plaintiff's statement, the doctor knew which leg was to be operated upon." (p. 43.)

In *Wood v. Wyeth*, 106 App. Div. (N. Y.) 21, it was alleged that plaintiffs employed defendant to treat and cure their minor child, eleven years of age. Then followed allegations of careless, negligent, and unskillful conduct on the part of the defendant in the treatment of the child, in consequence of which he died; and particular averments that defendant performed an operation for which there was no necessity and without the consent of the patient or of his parents. The trial court required plaintiff to elect whether he would try the case as an action for performing an operation without consent, or as an action for negligence. Plaintiff replied that he would proceed upon the theory of the complaint which was that the defendant was negligent in the discharge of his duties. The appellate court said:

"I do not think that any error was committed in thus compelling the plaintiff to try the case upon the theory of the complaint. The cause of action set out therein was clearly a cause of action for negligence and nothing else." (p. 23.)

In *Edwards v. Roberts*, 12 Ga. App. 140, a petition in which it was alleged in substance that defendant had made an unskillful and improper diagnosis of plaintiff's physical condition, and that, following this incorrect diagnosis, he removed her left ovary, although it was not diseased, and its removal was unnecessary and against her express desire, was held to state a cause of action for malpractice.

In *Van Meter v. Crews*, 149 Ky. 335, plaintiff alleged that the operation was performed without her knowledge or consent; also alleged negligence in the manner in which it was performed. The trial court refused to require the plaintiff to elect upon which theory she would proceed. Concerning this, the appellate court said:

"It is said that if he performed the operation without her consent this was a trespass on her person and that if he undertook to perform the operation with her consent and performed it unskillfully this was a cause of action for a breach of contract, which cannot be united with an action for trespass to the person. We cannot see the force of this. The plaintiff had employed the defendant as her physician and had placed herself in his charge. If he operated on her without her consent this was a breach of his duty to her; if he performed the operation unskillfully this was also a breach of his duty. In other words, all that the defendant did was done by him as a physician under his

employment as such. The status of physician and patient existed and all that he did was done under this relationship. If the plaintiff is to recover at all she must recover all her damages in one action, for manifestly, she cannot bring one action alleging that the operation was performed without her consent and another alleging that it was performed unskillfully. If she cannot present her whole case in one action therefore, she will be denied remedy. Her whole case arises from the defendant's breach of duty as a physician and she may in one action set up as many breaches of duty as exist. The court, therefore, properly refused to require the plaintiff to elect between the two grounds of recovery sued on." (p. 338.)

As to the necessary averments in a petition for malpractice it is said in 30 Cyc. 1583:

"It is ordinarily sufficient for plaintiff, in an action for malpractice, to aver that defendant was a physician and surgeon; that plaintiff retained and employed him as such to attend upon him; that he accepted and entered upon such employment, yet conducted himself in an unskillful and negligent manner, whereby plaintiff was injured, to his damage, etc. Want of skill and care on the part of the physician must be alleged, and also the specific acts of commission or omission concerning which negligence is imputed." (See, also, 16 Enc. Pl. & Pr. 528, and *Stokes v. Long*, 52 Mont. 470.)

In the light of these authorities we think it clear that the petition states a cause of action for negligence or malpractice rather than one for assault and battery. The cause is reversed with directions to overrule defendant's motion for judgment upon the pleadings and opening statements of counsel.