No. 28,712.

CHARLES R. DU BOIS, doing business as DU BOIS & COMPANY, *Appellee,* v. THE CITY OF GALENA, *Appellant.*

(276 Pac. 802.)

Opinion
filed May 4, 1929.

*Oscar M. Yount,* city attorney, for the appellant.
*Fred W. Walker,* of Columbus, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Charles R. Du Bois against the city of Galena to recover for hauling dirt from one section of the city to another in order to make a fill on a street upon which a sidewalk might be placed. The plaintiff recovered, and defendant appeals.

In the petition it was alleged that on the first of December, 1926, he entered into a verbal contract with the city for the work mentioned, for which it was agreed he should be paid the sum of $500; that the work was completed about the ninth day of February, 1927, according to the terms agreed upon; that payment had not been made, and he asked for judgment for $500. The defendant moved the court to require the petition to be made more definite and certain in several particulars, and that motion was sustained as to one ground, namely, to state the name of the person or persons with whom the contract was made and where it was made, and it was overruled as to the other grounds.

The plaintiff thereupon filed an amended petition which, among other things, stated that the contract was made by the mayor, the chairman of the street committee and the city engineer, who agreed to pay him $500 for excavating the dirt and transporting it to make the fill upon the street. He also added an allegation that the work had been done in compliance with the agreement; that $500 was a fair and reasonable price for the work, and that a claim for the same had been presented to the city; that later, in November, 1927, the council at a meeting allowed the account, passed an ordinance to appropriate the money upon the conditions that the mayor, city engineer and chairman of the street committee would O. K. it; that thereafter these officers approved the bill as provided in the ordinance, but the city has failed and refused to pay the claim. When the demurrer was overruled the defendant was given ten days to answer, but it elected to stand upon its demurrer, and judgment was entered for plaintiff.

There is nothing substantial in the contention that the court erred in overruling in part defendant's motion to make the petition more definite and certain. One ground was that it was indefinite in failing to state whether the contract was made with the plaintiff or with a representative of the plaintiff. It was specifically alleged that it was made with plaintiff. Defendant also asked that plaintiff be required to state the exact terms and conditions of the contract, but the allegations appear to adequately state the substantive facts of the transaction. It is further stated that the petition was not definite as to the time when a verified claim was filed. The plaintiff alleged that he filed with the city clerk an itemized verified statement of his claim prior to June 1, 1927, but the exact date he could not state. Other allegations were to the effect that the claim was brought before the mayor and council and was acted on by that tribunal. Sufficient was alleged to show the nature of the claim and to enable the defendant to make any legitimate defense it had. It was not necessary that every detail of the transaction should be recited, and it is not the function of a petition to narrate the evidence. It is enough to set forth the substantive facts. (*K. P. Rly. Co. v. McCormick*, 20 Kan. 107.) In motions of this character the court is invested with considerable discretion and it cannot be said that there was any abuse of that discretion in the ruling in question. (*Combs v. Thompson*, 68 Kan. 277, 74 Pac. 1127.)

Complaint is also made of the overruling of defendant's motion to strike out what was alleged as redundant matter. Reference is made to the allegation that the work was done and that the fair and reasonable price for it was the amount of $500, for which plaintiff asked judgment. It appears that plaintiff in effect set forth two causes of action in a single count, one on contract and another in *quantum meruit*. No motion was made to separately state and number the causes of action pleaded, and in the absence of such a motion the plaintiff was entitled to rely on either the contract or on the reasonable value of the work done for and accepted by the city. There was no prejudicial error in the ruling.

It is further contended that the petition was demurrable in failing to show that there had been an estimate of the improvement by the city engineer, and that the contract had been let for a price within the estimate of that officer in compliance with R. S. 14-440. It may be questioned whether a minor matter like the filling of a hole in the street is within the meaning of that statute, but, passing

that question, it must be held that it is too late for the city to refuse payment for work done at its request, which it had accepted, because of the lack of an estimate by the city engineer. According to the petition the work was properly done at the instance of the city. It had power to contract for the improvement. The work was approved by the city as evidenced by the ordinance it passed. It has had the benefit of the work which it procured to be performed, and the amount of the claim is alleged to be the reasonable value of that work. Under the circumstances the city may not now question the regularity of the contract. (*Baxter Springs v. Light Co.*, 64 Kan. 591, 68 Pac. 63. See, also, *Ritchie v. City of Wichita*, 99 Kan. 663, 163 Pac. 176; *City of Topeka v. Ritchie*, 105 Kan. 398, 184 Pac. 728; *Webb v. Crawford County Comm'rs*, 127 Kan. 547, 274 Pac. 249.) In *City of Topeka v. Ritchie*, supra, it was held that where a contract has been made for services by a city which it had the power to make, in which there was not a formal compliance with the provisions of a statute, it will be held liable where the services had been recognized and accepted and where the city had received valuable benefits from the services. In such a case the city is deemed to be on the same plane as an individual. (*Ritchie v. City of Wichita*, supra.) In that case the court aptly quoted from another authority that—

"'Municipal repudiation of honest indebtedness, which the municipality intended to contract, and could have lawfully contracted, is no more to be tolerated than individual repudiation of honest indebtedness, merely because it was not incurred in pursuance of a duly executed express contract, unless the municipal charter or the statutes prohibit the municipality from incurring any liability by implication.'" (p. 669.)

Through an inadvertence a slight excess was included in the judgment. Interest was reckoned from March 1, 1927, when it should have been from June 1, 1927. This is admitted by the plaintiff and the modification should be made.

So modified, the judgment is affirmed.