(137 So. 178)

### DONALD v. SWANN.
6 Div. 906.

Court of Appeals of Alabama.
June 16, 1931.

Rehearing Denied Aug. 4, 1931.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Harsh & Harsh, of Birmingham, for appellee.

SAMFORD, J.

The action was in two counts and against two defendants, to wit, the Birmingham Baptist Hospital and Dr. D. C. Donald, this appellant. The first count charged malpractice, and the second a trespass to the person, as will hereinafter appear. The first count was charged out, and the affirmative charge was given on the second count as to the hospital, leaving a charge against Dr. Donald, this appellant, of trespass to the person, in that he by himself or agent extracted or attempted to extract fluid from the spinal column of plaintiff over plaintiff's objection and against her will, from which she suffered damage, etc. The operation of puncturing the spinal column of plaintiff was not performed by this defendant, but by another surgeon, at his request or instigation. This created Dr. Collier (the doctor performing the operation) the agent of this defendant in the doing of the act complained of. If, therefore, the act was a trespass to plaintiff's person, it was participated in by this defendant. Dr. Collier was simply carrying out the instructions of this defendant to do a certain act. If the act was unauthorized and done against the will and over the protest of plaintiff, it would be an assault and battery or trespass to the person, for which an action would lie equally against Dr. Collier, who actually committed the assault, and this defendant, who directed it to be done. 5 Corpus Juris, 626 (13).

The doctrine of respondeat superior is not here involved. The distinction lies in the fundamental difference between an action for malpractice and an action for trespass to the person. Trespass to the person is an intentional act which is unlawful, while malpractice arises on account of negligence. Hershey v. Peake, 115 Kan. 562, 223 P. 1113.

It is laid down as a general rule, and supported by unquestioned authority, that every human being of adult years and sound mind has a right to determine what shall be done with his own body, and any operation performed, even by a surgeon acting in good faith, which is done without the consent and over the protest of the party operated on, is an assault and battery for which an action will lie. Hershey v. Peake, supra; Schloendorff v. Society of New York Hospital, 211 N. Y. 125, 105 N. E. 92, 52 L. R. A. (N. S.) 505, Ann. Cas. 1915C, 581; Francis v. Brooks, 24 Ohio App. 136, 156 N. E. 609; Rolater v. Strain, 39 Okl. 572, 137 P. 96, 50 L. R. A. (N. S.) 880; Hively v. Higgs, 120 Or. 588, 253 P. 363, 53 A. L. R. 1052. We recognize the rule that a physician who sends a substitute, upon becoming unable to fill a professional engagement, is not answerable for the negligence or malpractice of the substitute as the same is stated and approved in Parsons v. Yolande, etc., C. Co., 206 Ala. 642, 91 So. 493; Moore v. Lee, 109 Tex. 391, 211 S. W. 214, 4 A. L. R. 185, and other cases cited by appellant; but as has been pointed out, the claim for negligence and malpractice has been eliminated from the case at bar and here rests upon the contention that Dr. Collier was the agent of defendant, in which event a different rule applies. Moore v. Lee, 109 Tex. 391, 211 S. W. 214, 4 A. L. R. 185; 48 Corpus Juris, 1130 (120).

The evidence being in conflict upon the question of whether the puncturing of the plaintiff's spinal column was against her will, charges requested by defendant on this point seeking affirmative instructions to find for defendant were properly refused.

There was evidence in behalf of defendant tending to prove that plaintiff offered no objection to the operation and that the same was being done in order to completely diagnose plaintiff's condition.

If this was so, there could be no recovery under the second count, and therefore the court erred in refusing to give at the request of defendant charge 8 as follows: "The court charges the jury that if a patient voluntarily submits to an operation, her consent thereto will be presumed." Knowles v. Blue, 209 Ala. 27, 95 So. 481.

Defendant's refused charge D was misleading, in that it failed to take into account the operation or puncturing of plaintiff's spinal column, which must have been done with the consent of plaintiff, else there was a trespass.

Defendant's refused charge J and I are argumentative and properly refused.

Defendant's refused charge, which for reference we have marked X, asks affirmative instruction on a point as to which the evidence was in conflict.

The defendant requested the court in writing to give charges B and A as follows:

"B. I charge you, gentlemen, as a matter of law that when a party to a suit refuses to answer a material question, the presumption arises that a true answer to such question would be detrimental to the claim of the party so refusing."

"A. The court charges the jury that the presumption arises from the refusal of a party plaintiff to a suit to answer a material question propounded to her that the answer to such question would be adverse to her right to recover."

When the plaintiff was on the stand and testifying as a witness in her own behalf, and on cross-examination, she was asked certain pertinent questions relative to a former injury to her back, which she flagrantly refused to answer. The evidence sought by this examination was for the purpose of bringing out testimony tending to prove that the permanent injury claimed by plaintiff was really caused or superinduced by another cause not connected with the charge in the complaint. The defendant might have moved the court for an order to the witness requiring her to answer the questions, none of which was objected to. This he did not do, but raises the question by requesting the two charges above quoted. The general rule is laid down that a litigant who fails to testify as to facts material to his case and as to which he has especially full knowledge creates an inference that he refrained from testifying because the truth, if made to appear, would not aid his contention. 22 Corpus Juris, 121 (57) (5). There are recognized in the law, at least four kinds of presumptions: (1) Conclusive presumptions of law. (2) Rebuttable presumptions of law. (3) Mixed presumptions. (4) Presumptions of fact. Lee v. Pearce, 68 N. C. 76. The charges above quoted fail to indicate the class of presumption sought to be invoked. If the defendant was seeking an instruction as to inferences to be drawn from the refusal of plaintiff to answer questions material to the issue, such desire should have been clearly stated in the charges requested.

Over the objection and exception of defendant, the jury was allowed to take with them into the jury room certain medical textbooks introduced in evidence by plaintiff and relating only to the charge for malpractice. This should not have been allowed; but as the jury had been instructed that no verdict could be returned against defendant for malpractice, we fail to see how defendant was injured.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.