(137 So. 181)

## D. C. DONALD v. Ruthie Catherine SWANN.

### 6 Div. 999.

Supreme Court of Alabama.

Oct. 22, 1931.

Harsh & Harsh, of Birmingham, for petitioner.

Coleman, Coleman, Spain & Stewart, of Birmingham, for respondent.

PER CURIAM.

Petition of Ruthie Catherine Swann for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in D. C. Donald v. Ruthie Catherine Swann, 137 So. 178.

The majority of the justices, consisting of ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., are of the opinion that the writ of certiorari should be denied, and it is so ordered.

Writ denied.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

SAYRE, J., not sitting.

BROWN, J. (dissenting).

I am not of opinion that the trial court committed reversible error in refusing charge 8 requested by the defendant, and therefore respectfully dissent.

On the trial of Barfield v. South Highlands Infirmary et al., 191 Ala. 553, 68 So. 30, 33, Ann. Cas. 1916C, 1097, among a number of charges given at the instance of the defendant was the following: "(1) If a patient voluntarily submits to an operation, her consent thereto will be presumed."

On plaintiff's appeal, in treating the assignments of error predicated on the defendant's given charges, it was merely observed: "Charges given on defendant's request, *defining the degree of care required of physicians and surgeons* in the treatment of their patients, were evidently based upon our cases. They state the law of our cases as it may be read in McDonald v. Harris, 131 Ala. 359, 31 So. 548," and other cases cited. (Italics supplied.) There was no specific treatment of charge 1, quoted above.

In the later case, Knowles v. Blue, 209 Ala. 27, 95 So. 481, 487, on the plaintiff's appeal, it was observed of a like charge given for defendant that, "Charge B was approved as Charge No. 1 in Barfield v. South Highlands Infirmary, 191 Ala. 553, 558, 571, 68 So. 30, Ann. Cas. 1916C, 1097."

The charge when analyzed asserts no more than that when one of his own free will submits to an operation, it will be presumed or inferred that he consented thereto. In other words, in the absence of evidence to the contrary, the transaction speaks for itself. This is not a proposition of law, but the statement of a mere truism, which would be wholly without influence where the evidence is in direct conflict. Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Lawson v. Mobile Electric Light Co., 204 Ala. 318, 85 So. 257.