No. 33,298

CHARLES HACKENBERGER, *Appellee*, v. THE TRAVELERS MUTUAL CASUALTY COMPANY, *Appellant*.

(62 P. 2d 545)

Opinion filed November 30, 1936.

*Ralph T. O'Neil, J. D. M. Hamilton, Barton Griffith* and *Peter F. Caldwell*, all of Topeka, for the appellant.

*E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan, Eldon R. Sloan* and *Gordon Sloan*, all of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover compensation for personal injuries resulting from the operation of a contract carrier truck. Defendant appeals from certain adverse orders of the trial court.

The action was brought directly against the defendant insurance company. The assured was not made a party defendant. Defendant contends the trial court erred in overruling its demurrer to plaintiff's amended petition and in overruling its motion for judgment on the pleadings. The contention in both instances is based on the same theory, namely, that the alleged cause of action is not founded on negligence but constitutes a battery, and hence is barred by the one-year statute of limitations. (R. S. 60-306, clause 4.) Plaintiff contends the action is based on negligence and the two-year limitation applies. (R. S. 60-306, clause 3.) If defendant's contention is correct the action is barred; if not, the action is in time.

The petition first narrates the alleged general facts and then states the specific negligent acts on which plaintiff relies. In order

that the reader may better understand the general facts alleged, we shall state the substance of the pertinent facts first:

The assured was Ray Gatchall. The truck was owned and driven by Ray Gatchall, to whom defendant had issued a liability insurance policy, which was filed with the State Corporation Commission of Kansas, as provided in R. S. 1933 Supp. 66-1,128. Plaintiff was riding, together with other employees, on a flat-bottom truck in a westerly direction at a point about one and one half miles east of Salina. He was seated toward the rear, with his legs and feet hanging down on the south side of the truck. They were nearing a point on the highway which curved from the northeast to the southwest. Assured's semitrailer cattle truck was approaching the curve from the southwest. A passenger car was in front of assured's truck and traveling in the same direction as assured. The assured attempted to pass the passenger car on the curve, thereby traveling on the north side of the highway. Plaintiff's truck was crowded partly off the north side of the highway, and before assured's truck returned to the south side of the highway it came in contact with plaintiff's leg, resulting in the injury.

The petition, after narrating the foregoing general facts, states:

"That Gatchall was guilty of carelessness and negligence towards this plaintiff at the time of happening of the matters and things hereinbefore complained of in the following particulars, to wit:

"(1) In driving and operating said heavily loaded semitrailer truck to the left so as to pass and in passing said passenger car so traveling along and over said highway in the same direction as defendant, when said highway was curved at said point as aforesaid, and when the truck upon which this plaintiff was riding as aforesaid was so closely approaching towards Gatchall's said truck that Gatchall did not possess reasonable and sufficient time to [get] said heavily loaded semitrailer truck to its legal and proper place upon the right half of said state highway before it should pass the truck upon which this plaintiff was riding.

"(2) In driving and operating his, the said Gatchall's, truck at an excessive rate of speed at the time and place aforesaid, the time, place, circumstances and traffic upon said highway being considered.

"(3) In swinging, driving and operating said heavily loaded semitrailer truck at said time and place onto the north side and half of said paved highway when the truck on which this plaintiff was riding was so loaded with state highway workers that in order for said men to find room upon said truck at said time some were riding upon the running board and top of said truck and others were sitting upon the sides thereof with their feet hanging down, which fact was readily apparent to Gatchall as he approached from an opposite direction upon said highway, and that Gatchall knew or by exercise of a reason-

able degree of care could have known that he could not pass said truck and return to his lawful side of the highway without occasioning injuries and damage to those then riding upon said approaching truck.

"(4) In carelessly, unlawfully and negligently causing and occasioning the infliction of the injuries to this plaintiff at the time and in the manner aforesaid when said Gatchall knew or by the exercise of a reasonable degree of prudence or care could have known that said damage would result from his acts hereinbefore alleged."

An amended petition was filed which charged the following:

"In driving and operating his, the said Gatchall's truck at a speed of forty-five (45) miles an hour, which was an excessive rate of speed at the time and place aforesaid, the traffic upon said highway being considered."

Defendant, as heretofore stated, contends the petition states a cause of action for battery and is not founded on negligence. It insists that position is supported by the authority of *Laurent v. Bernier*, 1 Kan. 428; *Byrum v. Edwards*, 66 Kan. 96, 71 Pac. 250; *Combs v. Thompson*, 68 Kan. 277, 74 Pac. 1127; *Seals v. Snow*, 123 Kan. 88, 254 Pac. 348. Defendant also cites early cases from other jurisdictions.

The first paragraph of the syllabus in the early Laurent case reads:

"An action brought by plaintiff against the defendant for wounding him by the negligent discharge of a gun is an action for a battery, and therefore comes within the provisions of section twenty-three of the code of 1859, and should be brought within one year."

In the opinion it was said:

"Bouvier's Law Dictionary (vol. 1, p. 162) defines a battery as 'the unlawful touching the person of another by the aggressor himself or any other substance put in motion by him,' and after citing several authorities, proceeds to say, 'it must be either willfully committed or proceed from want of due care,' and cites Str. 596, Hob. 134, Plowd, 19, 3 Wend., 391." (p. 431.)

In the Byrum case it was held:

"An action to recover damages for carelessly or negligently shooting another is an action for a battery and is barred in one year."

It is well to note the shooting in the Byrum case was in fact intentional. The undersheriff intended to shoot and he did shoot. True, the injured party was not the robber as the undersheriff thought, but the act of shooting was nevertheless intentional. The Combs and Seals cases are not helpful. The Combs case simply held that a party who carelessly shot into a crowd with a toy cannon will not be relieved from liability simply because he did not intend to

shoot the injured person. The Seals case held that an insane person is liable in damages for his torts.

In the instant case defendant also sought judgment on the pleadings, contending battery was alleged. His answer among other things pleaded contributory negligence. This answer would indicate defendant believed plaintiff had pleaded some acts of negligence. That this court, subsequent to the early decisions in the Laurent and Byrum cases, has concluded intention to injure is an element in battery cases, is clearly disclosed by the later decision in *Eckerd v. Weve,* 85 Kan. 752, 118 Pac. 870, where it quoted with approval from *Ruter v. Foy,* 46 Iowa, 132, as follows:

"The doctrine of contributory negligence has no application in an action for assault and battery. There can be no contributory negligence except where the defendant has been guilty of negligence to which the plaintiff's negligence could contribute. An assault and battery is not negligence. *The former is intentional; the latter is unintentional.*" (Italics inserted.)

In the more recent case of *Hershey v. Peake,* 115 Kan. 562, 223 Pac. 1113, this court said:

"The fundamental distinction between assault and battery on the one hand and negligence such as would constitute malpractice, on the other, is that the former is intentional and the latter unintentional. (5 C. J. 625.)" (p. 565.)

That the later decisions of this court are in harmony with the modern statement of the fundamental difference between battery and negligence is clearly disclosed in the Restatement, Torts. Battery is there defined in section 13 as follows:

"An act which, directly or indirectly, is the legal cause of a harmful contact with another's person makes the actor liable to the other, if

(*a*) the act is done with the intention of bringing about a harmful or offensive contact or an apprehension thereof to the other or a third person, and

(*b*) the contact is not consented to by the other or the other's consent thereto is procured by fraud or duress, and

(*c*) the contact is not otherwise privileged."

It will be noted the very first element in the act complained of is that it must be intentional. In commenting on clause (*a*) the Restatement further says:

"In order that an act may be done with the intention of bringing about a harmful or offensive contact or an apprehension thereof to a particular person, either the other or a third person, the act must be done for the purpose of causing the contact or apprehension or with knowledge on the part of the actor that such contact or apprehension is substantially certain to be produced. It is not enough that the act itself is intentionally done and this, even

though the actor realizes or should realize that it contains a very grave risk of bringing about the contact or apprehension. Such realization may make the actor's conduct negligent or even reckless, but unless he realizes that to a substantial certainty the contact or apprehension will result, the actor has not that intention which is necessary to make him liable under the rule stated in this section." (Torts, § 13.)

It should be further noted the amended petition in the instant case in no wise attempts to state a cause of action for battery under clauses (b) and (c) of the Restatement. The foregoing definition of battery by the American Law Institute has been adopted by the new encyclopedia, American Jurisprudence. The rule is there stated thus:

"A battery is the unlawful touching or striking of the person of another by the aggressor himself or by any substance put in motion by him, *done with the intention* of bringing about a harmful or offensive contact or apprehension thereof which is not legally consented to by the other and not otherwise privileged." (4 Am. Jur. Assault and Battery, § 2.) (Italics inserted.)

The Restatement, Torts, defines "negligent conduct" thus:

"Negligent conduct may be either: (a) an act which the actor as a reasonable man should realize as involving an unreasonable risk of causing an invasion of an interest of another, or (b) a failure to do an act which is necessary for the protection or assistance of another and which the actor is under a duty to do." (§ 284.)

The amended petition alleged acts of negligence both as to commission and omission. It stated a cause of action founded on negligence and not on battery. The petition is not susceptible of an interpretation that assured intentionally inflicted the injury. Defendant further contends the allegation that assured was traveling at an excessive and unlawful rate of speed is in its nature a criminal charge and implies an element of intent to injure. No intent to injure is expressly alleged nor is the language open to such implication. Speed was simply alleged as one of the elements of negligence in connection with the time, place and traffic on the highway. The mere fact unreasonable speed under circumstances is prohibited and made an offense does not necessarily mean that injury resulting from such speed was intentional. Speed may be an element of negligence without disclosing an intention to injure. No recovery could be had by reason of it unless it proved to be the legal cause of the injury. The cause of action being founded on negligence, the two-year period of limitation applies, and the orders of the trial court are sustained.

The judgment is affirmed.