No. 39,133

GLENN MADDOX, *Appellant,* v. HAROLD E. NEPTUNE, *Appellee.*

(264 P. 2d 1073)

Opinion filed December 12, 1953.

*C. H. Morris,* of Wichita, argued the cause, and *Robert F. Bailey,* of Wichita, and *James W. Shaffer,* of Independence, Missouri, were with him on the briefs for the appellant.

*LaRue Royce,* of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, H. G. Engleman* and *C. Stanley Nelson,* all of Salina, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court sustaining defendant's demurrer to plaintiff's amended petition. The appellant will be hereinafter referred to as plaintiff, and the appellee as defendant.

The question for decision involves the statute of limitations. Does the petition and the second amended petition state a cause of action for assault and battery, or a cause of action for malpractice? If the former, the one-year statute of limitations applies (G. S. 1949, 60-306, *fourth*) and the trial court's ruling was correct. If the latter,

the two-year statute applies (G. S. 1949, 60-306, *third*) and the action was brought in time and the order should be reversed.

The injury complained of is alleged to have been sustained February 27, 1949, and the original action was filed December 29, 1950. The amended petition was filed March, 15, 1952, and the second amended petition was filed October 23, 1952. The pertinent part of the original petition reads as follows:

"FIRST: That at all times hereinafter mentioned Dr. Harold E. Neptune was a physician and surgeon, engaged in the practice of his profession in the City of Salina, Saline County, Kansas; that on the 19th day of February, 1949, plaintiff employed defendant, for a reasonable compensation, to be paid therefor by plaintiff to defendant, to operate on the bladder of plaintiff and remove bladder stones therefrom; that said operation was undergone on the 22nd day of February, 1949, at the St. John's Hospital at Salina, Saline County, Kansas, and that at said time a catheter was inserted in order to allow drainage from plaintiff's body; that on the 27th day of February, 1949, while plaintiff was still a patient in St. John's Hospital and still under the care and treatment of defendant, defendant, without plaintiff's consent and against plaintiff's explicit instructions, and while in an intoxicated condition, wilfully, deliberately, negligently and unskillfully conducted himself in and about the removing of said catheter from the plaintiff's body, and through his wilfulness, deliberateness, negligence and unskillfulness caused internal hemorrhaging in plaintiff, by reason whereof it became necessary for the plaintiff to undergo another operation thereby causing plaintiff great physical pain and mental suffering.

"SECOND: Further, plaintiff states that by reason of said wilfulness, deliberateness, negligence and unskillfulness as aforesaid, plaintiff was made sick and was put to great pain, trouble and anxiety; that plaintiff has suffered and will suffer great physical pain and mental anguish; that he suffered a severe and lasting shock to his entire nervous system; that all of the aforesaid injuries and injurious consequences are permanent, progressive and lasting.

"THIRD: That said assault upon plaintiff and violation of his bodily integrity, was wilful, wrongful, unlawful and legally malicious, and entitles him to recover punitive damage.

"WHEREFORE, by reason of the premises, plaintiff prays judgment against the defendant in the sum of . . ."

To this petition the defendant filed a motion to make more definite and certain, dealing with the course of treatment and requiring him to set forth in detail certain facts. This motion was sustained in part and overruled in part. Defendant also filed a motion to strike from the original petition the words "wilfully," "deliberately," "negligently" and "unskillfully" and to strike paragraph "third" from the petition. However, after the motion to make definite and certain was ruled upon, counsel for defendant withdrew his motion to strike. In compliance with the order of the court, plaintiff filed an amended

petition and, subsequently, in compliance with rulings of the court on a later motion, filed his second amended petition, amplifying the statements contained in his first petition, by setting forth among other things the following:

"That on the 22nd day of February 1949, this plaintiff submitted to such surgery as the defendant recommended.

"That after completion of said operation as above alleged said plaintiff was removed to his room in said hospital and continued under the care and instructions and supervision of the said defendant. That a catheter was inserted in the plaintiff by the defendant, in order to allow drainage from the plaintiff's bladder; that on or about the 27th day of February, 1949, at about 6 o'clock p. m. the said catheter ceased to drain, which condition was discovered by the hospital nurse in charge, and at approximately 6:45 o'clock some representatives of the hospital notified the defendant of the condition existing in regard to the catheter, the name of the said person notifying the defendant, this plaintiff is unable to allege because he does not know, but all of such information is peculiarly within the knowledge or available to the defendant; that within a few minutes, the said defendant arrived at the bedside of this plaintiff; that he, the defendant, was in an intoxicated condition, to the extent that he was unsteady in both mind and body, and without the assistance of a nurse or any other person started to remove the catheter from this plaintiff's body; that this plaintiff requested the defendant not to proceed because of his intoxicated condition, but the said defendant, notwithstanding the helpless condition of the plaintiff, and plaintiff's pleading not to touch him, proceeded while in said intoxicated condition to wilfully, deliberately, negligently, and unskillfully to remove said catheter from plaintiff's body; that the said defendant, *as a direct result of his intoxicated condition as alleged herein, became so unsteady on his feet that he started to fall to the floor and instead of releasing his grip on the said catheter, continued to hold thereto and tore the said catheter from the body of this plaintiff.*" (Italics supplied.)

The defendant interposed a demurrer to the second amended petition for the reason the petition shows on its face that any cause of action which the plaintiff may have, arose on February 27, 1949; that the original petition was not filed until December 29, 1950, and that the original and second amended petitions show on their face that the action was for assault and battery alone, and therefore barred by the statute of limitations (G. S. 1949, 60-306, *fourth*).

It is not seriously contended the original petition did not state a cause of action for malpractice unless it properly can be said it constituted solely an action for assault and battery. Therefore, the sole question remaining is whether the original petition was based on an action for assault and battery. We do not think so.

A contention somewhat analogous to that presented by the defendant in the instant case was before this court in *Hershey v. Peake,*

115 Kan. 562, 223 Pac. 1113, and in *Hackenberger v. Travelers Mutual Cas. Co.*, 144 Kan. 607, 610, 62 P. 2d 545, where the authorities were thoroughly analyzed and it was said that the fundamental distinction between assault and battery on the one hand and negligence such as would constitute malpractice on the other is that the former is intentional and the latter unintentional.

Cases relied upon by defendant all apply to instances where the surgeon intended to perform the operation without proper authority —the consent of the patient. In the instant case, the defendant had authority to perform the operation but while in an intoxicated condition he was negligent and unskillful in removing the catheter in post-operative treatment.

If defendant is correct in his contention that language contained in the petition is indicative of assault and battery, we think the proper construction to be placed on the petition as a whole is that such acts were merely intended to be alleged as a part of the action for malpractice. We think it would do violence to the law of malpractice to say that acts of a physician, in the course of treatment, contrary to the wishes of a patient under conditions such as alleged in the instant case, can constitute no part of malpractice.

The second amended petition alleged acts of negligence both as to commission and omission. It stated a cause of action founded on negligence and not on assault and battery. Neither the petition nor the second amended petition is susceptible of an interpretation that the defendant in post-operative treatment intentionally inflicted the injury to plaintiff. A careful reading of the original petition convinces us that it stated a cause of action in malpractice even though in somewhat general terms, and that the allegations contained in the second amended petition were enlarged, and merely amplified and stated in more specific terms the cause of action already alleged in the original petition, and therefore are deemed to relate back to the original petition which was filed before the bar of the two-year statute had fallen. (*Smith v. LaForge*, 170 Kan. 677, 228 P. 2d 509.)

The cause of action set forth in the original and second amended petition being based on malpractice, the two-year period of limitation applies, and the trial court was in error in sustaining the demurrer to the plaintiff's second amended petition.

It follows that the order of the trial court is reversed and the case remanded for further proceedings.