No. 39,913

Arthur Phillips, *Appellee*, v. James Mares, *Appellant*.

(290 P. 2d 815)

Opinion filed December 10, 1955.

*Richard M. Driscoll*, of Russell, argued the cause and *Jerry E. Driscoll* and *O. G. Rouse*, both of Russell, were with him on the briefs for the appellant.

*Robert J. Dole*, of Russell, and *Edgar M. Miner*, of Hays, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained by one riding in an automobile against the driver and owner of it. The appeal is from an order overruling defendant's demurrer to plaintiff's petition.

An amended petition alleged that on a date named plaintiff was injured as a result of negligent acts of defendant; that plaintiff and defendant with a third party in an automobile owned by defendant proceeded to Riverdale, Michigan, destination of defendant, to return an employee of defendant, who was the third person in the automobile, and the trip was for the exclusive benefit of defendant; that plaintiff at defendant's insistence orally agreed to accompany defendant and defendant orally agreed to pay all personal expenses of plaintiff including his meals and lodging and all expenses for oil and gas and in return plaintiff agreed he would assist defendant in his driving and during the trip plaintiff and defendant did alternate with the defendant in his driving and assisted defendant in making repairs; that plaintiff and defendant at defendant's insistence from May 19th at 9 p. m. drove continuously until the time of the collision without sleep, rest or relief except for brief stops for gas, oil and repairs and food; that defendant refused to stop prior to the collision though plaintiff requested that he do so in order that the defendant might obtain rest and sleep; that upon three occasions immediately prior to the collision with a tree, plaintiff observed that defendant was driving left of the center line of the highway and his eyes were closed and plaintiff awakened him and insisted that he stop and rest but defendant had despite such suggestions, remarks, warnings and requests by plaintiff continued to drive until May 21, at 6:45 a. m. when defendant dozed off and fell asleep and the automobile left the roadway for a distance of 120 feet and collided with a tree. The amended petition then alleged plaintiff was injured as the direct and proximate result of eight gross, wanton and reckless and negligent acts of defendant, describing them; that as the direct and proximate result of those described negligent acts and omissions on the part of defendant, plaintiff was injured.

The above was an amended petition. It was filed in compli-

ance with the trial court's order sustaining in part a motion of defendant to compel plaintiff to make his petition more definite and certain. This motion and ruling will be noted later in this opinion.

To this amended petition, defendant demurred on the grounds that it failed to state facts sufficient to constitute a cause of action against him; that it was not formed upon a distinct and definite theory; was not drawn upon a distinct and definite theory; that it contained a confusion of theories and there were insufficient facts alleged to sustain any definite theory; that it failed to state sufficient definite facts so as to enable the defendant to know the relationship of the parties in order to make a definite defense thereto; and that several causes of action were improperly joined. This demurrer was overruled—hence this appeal.

The specifications of error are that the court erred in overruling the demurrer of defendant to plaintiff's amended petition and in overruling a portion of the defendant's motions to make plaintiff's petition more definite and certain and to strike a part of it from the petition.

The defendant states the questions to be—Was it error to overrule part of defendant's motion to make plaintiff's petition more definite and certain?; Was it error to overrule defendant's motion to strike certain allegations from plaintiff's petition?; and Was it error to overrule defendant's demurrer to the amended petition?

Defendant first argues that the court erred in failing to order plaintiff to state whether the relationship of plaintiff to defendant was that of a guest, a paying passenger, a trespasser, an employee, or whether the parties were engaged in a joint venture, enterprise or business.

Defendant concedes the general rule to be that motions to make definite and certain rest in the sound discretion of the trial court. He argues, however, that in this case the ruling complained of was an abuse of discretion. He actually argues that the ruling on the motion was wrong—hence the plaintiff's amended petition must be strictly construed. The ruling was not wrong. The petition stated the ultimate facts. The allegation asked for by defendant's motion called for a conclusion from the ultimate facts. The plaintiff is not called on to allege legal conclusion. It is presumed at this stage of the action that the jury will be properly instructed on the issues. The plaintiff in considerable detail has pleaded just what the relationship of the parties was. The ruling on this motion was not

an abuse of discretion. (See *Axe v. Wilson,* 150 Kan. 794, 96 P. 2d 880; also *Nardyz v. Fulton Fire Ins. Co.,* 151 Kan. 907, 101 P. 2d 1045.)

The same may be said of the motion of defendant to strike, the overruling of which is urged as error by defendant.

Defendant next argues his demurrer should have been sustained. His point here is that the plaintiff should have been compelled to state whether he claimed the right to recover notwithstanding the guest statute on account of the gross and wanton nature of the defendant's negligence or that the plaintiff was not a guest but a paying passenger. We have demonstrated the motion of defendant to make the petition more definite and certain in this respect was correctly overruled. The amended petition must be liberally construed.

The plaintiff may prove that defendant was guilty of gross and wanton negligence and also that he was a passenger in defendant's car for hire. What the proof will be when the cause is finally submitted is not important at this stage of the case. (See *Du Bois v. City of Galena,* 128 Kan. 253, 276 Pac. 802, and *Herd v. Estes,* 154 Kan. 316, 118 P. 2d 575.)

The judgment of the trial court is affirmed.